UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIANCE MANUFACTURED PRODUCTS,
L.L.C., A Michigan Limited Liability Corporation,

    PLAINTIFF,

v.                                                                              Case No. 04-CV-73337
                                                                                Honorable Sean F. Cox

PRODUCTION HANDLING SYSTEMS, INC.,
d/b/a HOVAIR AUTOMOTIVE, an Indiana
corporation and WILLIAMS SHANNON,
PATRICK McDERMOTT, and JAMES EDWARDS,
jointly and severally,

    DEFENDANTS.
_____/

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this action on August 26, 2004, seeking to recover unpaid invoices from Defendants. Defendants then asserted breach of contract and intellectual property counterclaims against Plaintiff. The matter is currently before the Court on Plaintiff's Motion for Summary Judgment. The parties have briefed the issues and the Court heard oral argument on September 5, 2006. For the reasons set forth below, Plaintiff's motion shall be granted in part and denied in part.

    **I.    Background**

Plaintiff Alliance Manufactured Products, L.L.C. ("Alliance") filed this action on August 26, 2004, seeking to recover unpaid invoices from Defendants Production Handling Systems, Inc. d/b/a Hovair Automotive, an Indiana corporation ("Hovair Automotive") and William Shannon,

1

Patrick McDermott and James Edwards, three individuals whom Alliance claims provided personal guarantees for the amounts owed by Hovair ("the Individual Defendants"). For ease of reference, the Court shall refer to Hovair Automotive and the Individual Defendants, collectively, as "Hovair."

Hovair has asserted the following counterclaims against Alliance in this action: "Breach of Contract" (Count I); and "Breach of Intellectual Property Rights" (Count II). Hovair's counterclaim for breach of contract consists of two components. (Defs.' Br. at 6). The first component, valued at $29,970.98, is for rework that Hovair claims it had to perform on Alliance products to bring Alliance's work into compliance with contractual requirements. The second component relates to $18,574.88 in expenses allegedly incurred by Alliance on behalf of Hovair. (*Id*.). Hovair contents that if Alliance actually incurred those expenses, then Alliance did not invoice Hovair for same in a timely manner, precluding Hovair from attributing those costs in the final invoices to Hovair's customers. Hovair claims that Alliance failed to follow accepted subcontract procedures in this regard and thereby breached its contract with Hovair. (*Id.* at 6-7).

Hovair's second counterclaim relates solely to Alliance's alleged use of photographs of Hovair products in Alliance's marketing brochure without Hovair's permission. Hovair claims that by using the photographs of Hovair's products in its marketing brochure Alliance misrepresented the origin of those goods and attempted to pass Hovair's products as its own. Specifically, Hovair asserts that Alliance's actions constitute: 1) misrepresentation and unfair competition pursuant to the Lanham Act,15 U.S.C. §1125 et seq. ("the Lanham Act"); 2) trade dress infringement pursuant to 15 U.S.C. §1125; and 3) common law unfair competition under Michigan law. (Defs.' Br. at 6-7).

On May 2, 2005, Alliance filed a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56©. In its motion, Alliance asks the Court to grant summary judgment in favor of Alliance with respect to: 1) Alliance's claim for unpaid invoices and open account items; and 2) Hovair's breach of contract and breach of intellectual property rights counterclaims.

Standard of Review

Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56©. In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.    Analysis

A.    Plaintiff's Claim for Unpaid Invoices and Open Account Items.

Alliance claims that Hovair is liable to it for the following five unpaid invoices: 1) Invoice No. 04-064 for $22,837.00; 2) Invoice No.04-075 for $10,250.00; 3) Invoice No. 04-076 for $3,715.00; 4) Invoice No. 04-077 for $28,821.00; and 5) Invoice No. 04-078 for $8,308.00. Alliance also asserts that Hovair owes it a total of $18,574.88 for open accounts items.

Following discovery, there is no dispute between the parties as to four of the five invoices at issue. Defendants admit that they owe Alliance a total of $45,110.00 for Alliance Invoices 04-064, 04-075, 04-076 and 04-078. Thus, the only contested invoice is Invoice No. 04-077 in the amount of $28,821.00. In addition, Defendants dispute that they owe Alliance for the alleged open account items.

1. <u>Alliance Has Not Established That It Is Entitled To Summary Judgment With Respect To The Disputed Invoice And Open Account Items</u>.

The parties dispute whether Hovair is liable for Invoice No. 04-077. Alliance asserts that it is entitled to summary judgment with respect to Invoice No. 04-077 because Hovair has no valid defense to the payment of that invoice.

In response, Hovair contends that Invoice 04-077 "relates strictly to rework charges on a number of unrelated, prior jobs that were aggregated into one invoice." (Defs.' Br. at 10). Hovair disputes the sums allegedly owed under Invoice 04-0777 and claims that Alliance "has not produced any documentation showing that any [Hovair] personnel signed off on the rework charges show[n] on Invoice 04-077." (Defs.' Br. at 10). Hovair further asserts that it issued a purchase order for the items shown on Invoice 04-0777 under duress "solely because [Alliance] was threatening to hold back shipments of key projects on [Alliance's] manufacturing floor to other [Hovair] customers." (Defs.' Br. at 10; *see also* Decl. of James Edwards at ¶ 17). Hovair therefore contends that it has not waived its right to contest the sums allegedly owed under Invoice No. 04-077.

Viewing the evidence in a light most favorable to Hovair, the nonmoving party, Alliance has not established that it is entitled to summary judgment as to Invoice No. 04-077.

In its Motion for Summary Judgment, Alliance also sought summary judgment with respect to $18,574.88 in open account items. During oral argument on September 5, 2006, counsel for Alliance acknowledged that, given the evidence submitted with Hovair's Response, a genuine issue of material fact exists with respect to liability for the open account items. Accordingly, Alliance is not entitled to summary judgment with respect to the open account

items.

        2.        Alliance Is Entitled To Partial Summary Judgment With Respect To The Undisputed Invoices.

Defendants admit that they owe Alliance a total of $45,110.00 for Invoices Nos. 04-064, 04-075, 04-076 and 04-078. As set forth above, however, genuine issues of fact remain as to whether Hovair is liable to Alliance for Invoice No. 04-077 and the open account items. Alliance is therefore entitled to only partial summary judgment[1] as to its claim for unpaid invoices and open account items.

B.    Defendants' Counterclaims.

        1.        Alliance is Entitled To Summary Judgment With Respect To Hovair's Breach of Contract Counterclaim.

Hovair's counterclaim for breach of contract consists of two components. (Def.'s Br. at 6). The first component, valued at $29,970.98, is for rework that Hovair claims it had to perform on Alliance products to bring Alliance's work into compliance with contractual requirements. (*Id*.).

In this motion, Alliance asserts that although Hovair initially sought an offset for warranty work expenses that it incurred, "it later admitted at that it has not incurred *any* such expenses." (Pl.'s Br. at 3)(emphasis in original). In support of that position, Alliance submitted admissions from Hovair in which, with respect to Invoices 04-077, 04-064, 04-075, 04-076, and 04-078, Hovair admitted that it has "not incurred any re-work/warranty work expenses to date" and "has not been told of any re-work/warranty work that is required for those goods to date."

---

[1] The Court notes this is not a final ruling as to Alliance's claim and that the Court is not entering a final judgment pursuant to FED. R. CIV. P. 54(b).

5

(Ex. 3 to Pl.'s Br.)

In contradiction to its admissions, Hovair asserts in its response brief that "[t]he evidence shows that [Hovair] incurred $29,970.98 in rework charges as can be seen in Ex. 7." (Defs.' Br. at 12). Exhibit 7 to Hovair's brief, however, is simply an unsupported, one-page listing of various expenses that does not even reference Alliance. Hovair has not submitted admissible evidence to establish that it incurred any rework charges with respect to work performed by Alliance.

Accordingly, the Court concludes that Alliance is entitled to summary judgment with respect to the first component of Hovair's breach of contract counter-claim.

The second component of Hovair's breach of contract counter-claim relates to $18,574.88 in expenses allegedly incurred by Alliance on behalf of Hovair. (*Id.*). Hovair contends that if Alliance actually incurred those expenses, then Alliance did not invoice Hovair for same in a timely manner, precluding Hovair from attributing those costs in the final invoices to Hovair's customers. Hovair claims that Alliance failed to follow accepted subcontract procedures in this regard and thereby breached its contract with Hovair. (*Id.* at 6-7).

Under Michigan law, the essential elements of a breach of contract claim are: 1) existence of a valid contract between the parties; 2) the terms of the contract; 3) that defendant breached the contract; and 4) that the breach caused the plaintiff to sustain damages. *Timmis v. Sulzer Intermedics, Inc.*, 157 F.Supp.2d 775, 777 (E.D. Mich. 2001).

Here, it is undisputed that Hovair has not paid the $18,574.88 in expenses claimed by Alliance. Thus, even if Hovair established that Alliance breached the parties' agreement by not timely submitting its final invoices, Hovair has incurred no damages as a result of the breach.

6

Accordingly, the Court concludes that Alliance is entitled to summary judgment with respect to the second component of Hovair's breach of contract counter-claim. The Court notes that the second component of Hovair's breach of contract counter-claim can still be maintained as an affirmative defense to Alliance's claim for payment of the open account items.

    2.    <u>Defendants' Intellectual Property Counterclaim</u>.

Hovair claims that by using the photographs of Hovair's products in its marketing materials, Alliance misrepresented the origin of those goods and attempted to pass Hovair's products as its own. Hovair's counterclaim is titled "Breach of Intellectual Property Rights" and states:

> 13.    Plaintiff Alliance is falsely displaying [Hovair] equipment as its own in Alliance marketing materials with the knowing and intentional objective of misleading potential customers into believing that [Hovair] equipment is actually designed and manufactured by Alliance.
>
> 14.    By engaging in this conduct, plaintiff Alliance is violating applicable state and federal statutes on intellectual property rights. [Hovair] is, as a result, entitled to awards of statutory and/or punitive damages, actual damages in an amount to be proven at trial, injunctive relief prohibiting plaintiff from continuing to engage in this type of conduct, plus attorney fees and costs.

(Pl.'s Compl. at ¶¶ 13 &14). In its Response to Alliance's Motion for Summary Judgment, Hovair asserts that Alliance's actions constitute: 1) unfair competition pursuant to the Lanham Act,15 U.S.C. §1125 et seq. ("the Lanham Act"); 2) trade dress infringement under the Lanham Act; and 3) common law unfair competition under Michigan law. (Defs.' Br. at 6-7).

    a.    <u>Alliance Has Not Established That It Jointly Owns The Products Depicted In The Brochure</u>.

Alliance first contents that it is entitled to summary judgment with respect to Hovair's intellectual property counterclaims because, due to the parties' relationship, the parties jointly

7

own the products featured in the offending brochure. (*See* Pl.'s Br. At 6)("Given their partnership-in-fact, Hovair cannot claim ownership of the products in the offending brochure."). In support of that position, Alliance submits the deposition testimony of one of its former employees, Keith Barwick. Mr. Barwick testified that Alliance and Hovair were "pretty much a joint operation," and that the "companies were very tight to the fact that the end product was the result of both companies." (Barwick Dep. at 60 & 65). Such testimony does not establish that Alliance holds a joint interest in the products at issue.

Moreover, Hovair contends that although Alliance manufactured components for Hovair, the drawings provided to Alliance contained explicit notice of Hovair's ownership of those designs:

> THIS DRAWING CONTAINS INFORMATION PROPRIETARY TO HOVAIR AUTOMOTIVE, AND SHALL NOT BE DISCLOSED FOR ANY PURPOSE NOR USED FOR MANUFACTURING PURPOSES WITHOUT THE WRITTEN PERMISSION OF HOVAIR AUTOMOTIVE.

(*See* Declaration of James Edwards at ¶ 8). Hovair has also submitted the declaration of David Benham, who states that Hovair never relinquished its ownership rights to Alliance. (*See* Benham Decl. at ¶ 6).

Construing the evidence submitted in the light most favorable to Hovair, the non-moving party, Alliance has not established that it jointly owned the products featured in the offending brochure. Alliance's first ground for seeking summary judgment of Hovair's claim for breach of intellectual property rights therefore fails.

      b.    <u>Alliance Is Not Entitled To Summary Judgment With Respect To Hovair's Unfair Competition Claim Under The Lanham Act.</u>

Alliance contends that under *Truck Equipment Service Co. v. Fruehauf Corp.*, 536 F.2d

8

1210 (8th Cir. 1976), Hovair must establish the following elements to proceed with its claim, and that it is unable to do so here: 1) functionality; 2) secondary meaning; and 3) likelihood of confusion.

Notably, Hovair also relies on *Fruehauf*, citing it for the proposition that the use of another's product, misbranded to appear as that of a competitor, has been repeatedly found to be a false designation of origin actionable under the Lanham Act. Hovair contends that because it has submitted evidence to establish that Alliance used photographs of Hovair's products in Alliance's sales brochures, it can withstand summary judgment on this claim without undergoing a multi-factor analysis that is seen with trade dress infringement claims.

The Court agrees, based upon *Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998). In *Johnson*, an architect took drawings done by another architect and then represented them to be his own work. The trial court ultimately ruled that action constituted a false designation of origin in violation of the Lanham Act and the appellate court affirmed. The *Johnson* court explained that:

> The Lanham Act covers trademark infringement as well as a host of other deceptive practices that might loosely be termed "unfair competition." One such form of unfair competition is the false designation of origin. The Lanham Act imposes liability on '[a]ny person who, on or in connection with any goods or services . . . uses in commerce . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin . . . of his or her goods, services, or commercial activities.'

*Id.* at 520 (quoting 15 U.S.C. §1125(a).

A Lanham Act claim for false designation of origin has two elements: 1) the false designation of origin must have an effect on interstate commerce; and 2) the false designation must create a likelihood of confusion. The likelihood of confusion in the consuming public,

however, is the "essence of an unfair competition claim." *Id.*

The *Johnson* court explained that under the "more common variety of Lanham Act claim, the plaintiff asserts that the defendant is using a mark (*e.g,* trademark, service mark, etc.) so similar to the plaintiff's mark that the public is likely to confuse defendant's product for that of plaintiff. By this act of deception, the infringing defendant can benefit from the plaintiff's goodwill without having to pay for it; in effect, the defendant steals the plaintiff's customers." *Id*. In such cases, the court examines eight factors in assessing the likelihood of confusion, including: 1) the strength of the plaintiff's mark; 2) the relatedness of the services offered by plaintiff and defendant; 3) the similarity between the marks; 4) evidence of actual confusion; 5) marketing channels used by plaintiff and defendant; 6) likely degree of purchaser care and sophistication; 7) intent of defendant in selecting the mark; and 8) likelihood of expansion of the product lines using the marks.

Nevertheless, the *Johnson* court concluded that the case before it was different from the run-of-the-mill Lanham Act case:

> Here, the defendant has not produced a product to which he has applied a mark so like the plaintiff's that the public is likely to believe that the product was produced by the plaintiff. Rather, the defendant has taken the plaintiff's product and has represented it to be his own work.

*Id.* at 503. Given the nature of the allegations, the court concluded that the above factors are irrelevant to the inquiry because they deal with the relationship between the plaintiff's and defendant's trademarks, not their products.

Here, like the situation seen in *Johnson*, Hovair claims that Alliance violated the Lanham Act by falsely displaying Hovair's equipment as its own in Alliance's sales brochure. Moreover, Hovair has supported its brief in opposition to Alliance's Motion for Summary Judgment with

admissions from Alliance that Hovair products are depicted in Alliance's sales brochure and that Alliance has distributed that brochure to Alliance's potential and actual customers. Hovair has also submitted the Declaration of James Edwards, Hovair's CEO and General Manager, who states that discovery in this matter has shown that Alliance has distributed 2,000 to 3,000 of the brochures in question to potential customers.

Given the nature of Hovair's unfair competition claim (false designation of origin) under the Lanham Act, and the evidence submitted by Hovair, the Court is satisfied that Alliance is not entitled to summary judgment with respect to that claim.

Nevertheless, the Court is satisfied that Hovair has not stated a claim, or presented sufficient evidence to withstand summary judgment, with respect to its claim for trade dress infringement under the Lanham Act. To recover for trade dress infringement under the Lanham Act, "a party must first identify what particular elements or attributes comprise the protectible trade dress." *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 768 (6th Cir. 2005). "Then, the party must show by a preponderance of the evidence that its trade dress is distinctive in the marketplace, that its trade dress is primarily nonfunctional, *and that the defendant's trade dress is confusingly similar to the party's protected trade dress*." *Id*. (emphasis added).

At oral argument, counsel for Hovair stated that Hovair's sole basis for its trade dress infringement claim is the Alliance brochure that allegedly depicts Hovair products as its own. Like the situation in *Johnson,* it is not alleged that Alliance has produced a product to which it has applied a mark so like Hovair's that the public is likely to believe that the product was produced by Hovair. Thus, Hovair has not identified any products produced by Alliance with a trade dress that is confusingly similar to Hovair's trade dress. Rather, Hovair simply contends

11

that Alliance used Hovair's products in its brochure and represented them as its own. While such allegations state a claim for false designation of origin, they do not state a claim for trade dress infringement.

Finally, the Court notes that although Hovair asserts an unfair competition claim under the common law, Alliance did not challenge or address that claim in its Motion for Summary Judgment. Accordingly, the Court need not address that claim.

### III.  Conclusion

For the reasons set forth above, Plaintiff/Counter-Defendant Alliance's Motion for Summary Judgement shall be granted in part and denied in part. Alliance is entitled to partial summary judgment with respect to its claim for unpaid invoices and open account items, in that it is undisputed that Hovair is liable for invoices Nos. 04-064, 04-075, 04-076 and 04-078 totaling $45,111.00. Alliance's motion is also granted with respect to Hovair's breach of contract counterclaim and Hovair's claim for trade dress infringement under the Lanham Act. Alliance's motion is denied in all other respects. Accordingly, the following claims will proceed to trial: 1) Alliance's claim for open account items and Invoice No. 04-077; 2) Hovair's counterclaim for false designation of origin under the Lanham Act; and 3) Hovair's counterclaim for unfair competition under the common law.

S/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIANCE MANUFACTURED PRODUCTS,
L.L.C., A Michigan Limited Liability Corporation,

    PLAINTIFF,

v.                                                       Case No. 04-CV-73337
                                                          Honorable Sean F. Cox

PRODUCTION HANDLING SYSTEMS, INC.,
d/b/a HOVAIR AUTOMOTIVE, an Indiana
corporation and WILLIAMS SHANNON,
PATRICK McDERMOTT, and JAMES EDWARDS,
jointly and severally,

    DEFENDANTS.
_____/

**PROOF OF SERVICE**

**The undersigned certifies that the foregoing opinion and order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 8, 2006.**

                                                                s/Jennifer Hernandez
                                                                **Case Manager to**
                                                                **District Judge Sean F. Cox**